UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN VRABEL, JR.                          Case No. 14-12673

            Plaintiff,                    Sean F. Cox
v.                                        United States District Judge

COMMISSIONER OF SOCIAL SECURITY,          Michael Hluchaniuk
                                          United States Magistrate Judge
            Defendant.
_____/

**REPORT AND RECOMMENDATION**
**CROSS-MOTIONS FOR SUMMARY JUDGMENT (Dkt. 14, 15)**

## I.   PROCEDURAL HISTORY

### A.   Proceedings in this Court

On July 8, 2014, plaintiff filed the instant suit seeking judicial review of the

Commissioner's unfavorable decision disallowing benefits.  (Dkt. 1).  Pursuant to

28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(b)(3), District Judge Sean F. Cox

referred this matter to the undersigned for the purpose of reviewing the

Commissioner's decision denying plaintiff's claim for benefits.  (Dkt. 4).  This

matter is before the Court on cross-motions for summary judgment.  (Dkt. 14, 15).

### B.   Administrative Proceedings

Plaintiff filed the instant claims for a period of disability, disability

insurance, and benefits on May 26, 2011, alleging disability beginning March 30, 2006. (Dkt. 11-2, Pg ID 47). Plaintiff later filed an application for supplemental security income benefits alleging the same onset date. *Id.* Plaintiff's claims were initially disapproved by the Commissioner on October 13, 2011. *Id.* Plaintiff requested a hearing and on November 19, 2012 plaintiff appeared, along with his attorney, before Administrative Law Judge ("ALJ") Gregory Holiday, who considered the case de novo. (Dkt. 11-2, Pg ID 47-59). In a decision dated February 12, 2013, the ALJ found that plaintiff was not disabled. *Id.* Plaintiff requested a review of this decision on March 21, 2013. (Dkt. 11-2, Pg ID 38). The ALJ's decision became the final decision of the Commissioner when the Appeals Council, on May 7, 2014, denied plaintiff's request for review. (Dkt. 11-2, Pg ID 32-36); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 543-44 (6th Cir. 2004).

For the reasons set forth below, the undersigned **RECOMMENDS** that defendant's motion for summary judgment be **DENIED**, that plaintiff's motion for summary judgment be **GRANTED**, and that this matter be **REMANDED** for further proceedings under Sentence Four.

## II.    FACTUAL BACKGROUND

### A.    ALJ Findings

Plaintiff was born in 1967 and was 45 years old at the time of the administrative hearing, and 39 years old the alleged onset date of disability. (Dkt.3 11-2, Pg ID 49).  The ALJ applied the five-step disability analysis to plaintiff's claim and found at step one that plaintiff had not engaged in substantial gainful activity since the alleged onset date. *Id*. At step two, the ALJ found that plaintiff's hearing disorder, lumbago, right wrist disorder, left shoulder disorder, insulin-dependent diabetes mellitus, mood disorder, depression, and cognitive disorder were "severe" within the meaning of the second sequential step. (Dkt. 11-2, Pg ID 50). Plaintiff's hypertension, cervical spine disorder, headaches, vision disorder and post-traumatic stress disorder (PTSD) were considered nonsevere impairments. *Id*. At step three, the ALJ found no evidence that plaintiff's combination of impairments met or equaled one of the listings in the regulations. (Dkt. 11-2, Pg ID 50-52).  The ALJ determined that plaintiff had the following residual functional capacity ("RFC"):

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant can only occasionally climb ladders, ropes or scaffolds; can only frequently climb ramps and stairs; can only occasionally stoop, kneel or crawl; can only frequently balance or crouch; can only occasionally perform overhead reaching and handling with the left upper extremity; can only

3

perform occasional fine manipulation with the right
upper extremity; must avoid noise levels above
moderate; must avoid concentrated exposure to hazards
like dangerous machinery and unprotected heights; is
limited to jobs that do not require fine hearing capability
or call for complex written or verbal communication; is
limited to simple, routine tasks; must be employed in
low-stress job defined as requiring no more than
occasional decision-making with no more than
occasional changes in work setting; and should have no
more than occasional interaction with the general public
and with co-workers.

(Dkt. 11-2, Pg ID 52-53).  At step four, the ALJ concluded that plaintiff could not

perform his past relevant work as a postal carrier.  (Dkt. 11-2, Pg ID 57).   At step

five, the ALJ denied plaintiff benefits because plaintiff could perform a significant

number of jobs available in the national economy.  (Dkt. 11-2, Pg ID 57-58).

B.    Plaintiff's Claims of Error

According to plaintiff, the ALJ's decision, specifically the RFC and

credibility determination, does not comply with Social Security Rules and

Regulations.  (Dkt. 14, Pg ID 697). Plaintiff accuses the ALJ of "cherry-picking"

the evidence to plaintiff's detriment and basing his decision of non-disability on

plaintiff's "non-compliance" contrary to the dictates of SSA rules and regulations.

*Id*.

Plaintiff argues that the RFC does not accurately portray plaintiff's physical

4

and mental impairments, namely his depression and cognitive disorder. Citing

*Green v. Comm'r of Soc. Sec,* 2009 WL 2365557 at *10 (E.D. Mich. July 28,

2009) and *Edwards v. Barnhart*, 383 F.Supp.2d 920, 930 (E.D. Mich 2005),

plaintiff asserts that the RFC's limitation of plaintiff to simple, routine tasks in a

low-stress job with no more than occasional changes in work setting and no more

than occasional interaction with the general public and co-workers was

insufficient to address his severe deficiencies in concentration, persistence and

pace, as well as his deficits in memory and anxiety and panic attacks.  (Dkt. 14, Pg

ID 698-699.)

   Plaintiff also argues that the ALJ's credibility determination was flawed.

Plaintiff contends the ALJ erred in finding plaintiff was not wholly credible in part

because he became enraged and created a disturbance requiring police

involvement over a 40¢ dispute at a gas station. (Dkt. 14, Pg ID 699). Plaintiff

urges that this April 2012 incident supports plaintiff's position that he is unable to

withstand the everyday stress found in any job setting and does nothing to impugn

his credibility. *Id*.

   Plaintiff also argues that the ALJ erred in disregarding the opinion of

consulting psychiatrist, Leonard Lachover, M.D., who examined plaintiff on

behalf of the Commissioner. (Dkt. 14, Pg ID 699). Dr. Lachover opined that

"because of the severity of his symptomatology, the [plaintiff] is subject to relapses and I suspect the pressure of employment could be a major factor that would result in decompensation on his part." *Id* (citing Dkt. 11-7, Pg ID 300). Plaintiff argues that Dr. Lachover's opinion is due more deference than the limited weight assigned to it by the ALJ, particularly given the April 2012 gas station incident. *Id*. Plaintiff notes the ALJ's inconsistency in relying heavily on Dr. Lachover's opinion for his "Paragraph B" [Listed Impairment] analysis, yet giving it only limited weight in developing plaintiff's RFC. *Id.*

Finally, plaintiff asserts the ALJ made a reversible error by failing to consider, discuss or evaluate plaintiff's subjective complaints pursuant to 20 C.F.R. §416.929(c). (Dkt. 14, Pg ID 700). Plaintiff suggests the ALJ ignored or misconstrued evidence regarding plaintiff's daily activities, medication side-effects and pain symptoms in determining that plaintiff's complaints were inconsistent with the medical evidence of record. *Id.* According to plaintiff, the ALJ did not comply with Social Security Ruling 96-8p, which requires the ALJ to discuss and not ignore these issues when assessing RFC. (Dkt. 14, Pg ID 701).

C.    The Commissioner's Motion for Summary Judgment

In addressing plaintiff's arguments that the ALJ improperly assessed his credibility, the Commissioner emphasizes that the ALJ is not required to accept

6

plaintiff's subjective complaints and may properly consider the plaintiff's credibility in making a disability determination. (Dkt. 15, Pg ID 710). The Commissioner asserts that the ALJ's finding that plaintiff was less than fully credible was appropriate in light of his mild objective medical findings, his lack of compliance with medication, and gaps in treatment. *Id.* Additionally, the Commissioner counters plaintiff's argument that the ALJ erred by failing to recite and discuss the credibility factors listed in SSR 96-7p by noting that failure to discuss each of these factors does not mean they were not considered. (Dkt. 15, Pg ID 711(citing *Thacker v. Comm'r of Soc. Sec.*, 99 Fed.App'x 661, 664 (6th Cir. 2004)). The Commissioner notes that the ALJ states in his decision that he considered the evidence based upon the requirements of SSRs 96-4 and 96-7p. *Id*. The Commissioner notes that plaintiff does not cite to the record in connection with his argument that the ALJ ignored plaintiff's complaints of severe fatigue, pain and medication side-effects in assessing his credibility and asserts that, as a result, plaintiff's argument should be deemed waived. *Id*. The Commissioner also suggests that the plaintiff concedes that the ALJ rightfully considered his non-compliance in assessing his credibility. (Dkt. 15, Pg ID 712).

The Commissioner counters plaintiff's assertion that the ALJ impermissibly "cherry-picked" the evidence to find plaintiff not disabled by noting that an

allegation of "'cherry-picking' the record...is seldom successful because crediting it would require the court to re-weigh record evidence." *DeLong v. Comm'r of Soc. Sec. Admin.*, 748 F.3d 723, 726 (6th Cir. 2014). (Dkt. 15, Pg ID 711). Additionally, the Commissioner argues that plaintiff does not cite any medical evidence that the ALJ purportedly overlooked. *Id.*

Regarding plaintiff's argument that the ALJ's RFC did not adequately address plaintiff's depression and cognitive disorder, the Commissioner maintains that the RFC's limitation of simple, routine tasks in a low-stress job with only occasional changes in work setting and interaction with the public and co-workers sufficiently accommodates plaintiff's impairments. (Dkt. 15, Pg ID 713). According to the Commissioner, more specific restrictions relating to plaintiff's moderate limitations in concentration, persistence and pace were not necessary. *See Roberts v. Comm'r of Soc. Sec. Admin.,* 2011 WL 4407221 at *8 (E.D.Mich. Aug. 8, 2011). (Dkt. 15, Pg ID 713-714).

Finally, the Commissioner contends the ALJ properly evaluated the opinion of Dr. Lachover. (Dkt. 15, Pg ID 715). The Commissioner argues that the ALJ's conclusion that Dr. Lachover's opinion was inconsistent with plaintiff's lack of compliant, consistent mental health treatment and his own notes that plaintiff had logical and goal-directed speech. *Id.*

8

## III. DISCUSSION

### A. Standard of Review

In enacting the social security system, Congress created a two-tiered system in which the administrative agency handles claims, and the judiciary merely reviews the agency determination for exceeding statutory authority or for being arbitrary and capricious. *Sullivan v. Zebley*, 493 U.S. 521 (1990). The administrative process itself is multifaceted in that a state agency makes an initial determination that can be appealed first to the agency itself, then to an ALJ, and finally to the Appeals Council. *Bowen v. Yuckert*, 482 U.S. 137 (1987). If relief is not found during this administrative review process, the claimant may file an action in federal district court. *Mullen v. Bowen*, 800 F.2d 535, 537 (6th Cir.1986).

This Court has original jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). Judicial review under this statute is limited in that the court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). In deciding whether substantial evidence supports the ALJ's decision, "we do not try the case

9

de novo, resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). "It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007); *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003) (an "ALJ is not required to accept a claimant's subjective complaints and may ... consider the credibility of a claimant when making a determination of disability."); *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007) (the "ALJ's credibility determinations about the claimant are to be given great weight, particularly since the ALJ is charged with observing the claimant's demeanor and credibility.") (quotation marks omitted); *Walters*, 127 F.3d at 531 ("Discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among medical reports, claimant's testimony, and other evidence."). "However, the ALJ is not free to make credibility determinations based solely upon an 'intangible or intuitive notion about an individual's credibility.'" *Rogers*, 486 F.3d at 247, quoting Soc. Sec. Rul. 96-7p, 1996 WL 374186, *4.

If supported by substantial evidence, the Commissioner's findings of fact are conclusive. 42 U.S.C. § 405(g). Therefore, this Court may not reverse the

10

Commissioner's decision merely because it disagrees or because "there exists in the record substantial evidence to support a different conclusion." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers*, 486 F.3d at 241; *Jones*, 336 F.3d at 475. "The substantial evidence standard presupposes that there is a 'zone of choice' within which the Commissioner may proceed without interference from the courts." *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) (citations omitted), citing, *Mullen*, 800 F.2d at 545.

The scope of this Court's review is limited to an examination of the record only. *Bass*, 499 F.3d at 512-13; *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). When reviewing the Commissioner's factual findings for substantial evidence, a reviewing court must consider the evidence in the record as a whole, including that evidence which might subtract from its weight. *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). "Both the court of appeals and the district court may look to any evidence in the record, regardless of whether it has been cited by the Appeals Council." *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). There is no requirement, however, that

11

either the ALJ or the reviewing court must discuss every piece of evidence in the administrative record. *Kornecky v. Comm'r of Soc. Sec.*, 167 Fed. Appx. 496, 508 (6th Cir. 2006) ("[a]n ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party.") (internal citation marks omitted); *see also Van Der Maas v. Comm'r of Soc. Sec.*, 198 Fed. Appx. 521, 526 (6th Cir. 2006).

 B. <u>Governing Law</u>

 The "[c]laimant bears the burden of proving his entitlement to benefits." *Boyes v. Sec'y of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994); *accord*, *Bartyzel v. Comm'r of Soc. Sec.*, 74 Fed. Appx. 515, 524 (6th Cir. 2003). There are several benefits programs under the Act, including the Disability Insurance Benefits Program (DIB) of Title II (42 U.S.C. §§ 401 *et seq*.) and the Supplemental Security Income Program (SSI) of Title XVI (42 U.S.C. §§ 1381 *et seq*.). Title II benefits are available to qualifying wage earners who become disabled prior to the expiration of their insured status; Title XVI benefits are available to poverty stricken adults and children who become disabled. F. Bloch, Federal Disability Law and Practice § 1.1 (1984). While the two programs have different eligibility requirements, "DIB and SSI are available only for those who have a 'disability.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007).

"Disability" means:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A) (DIB); *see also* 20 C.F.R. § 416.905(a)

(SSI).

The Commissioner's regulations provide that disability is to be determined

through the application of a five-step sequential analysis:

> Step One:  If the claimant is currently engaged in substantial gainful activity, benefits are denied without further analysis.

> Step Two:  If the claimant does not have a severe impairment or combination of impairments, that "significantly limits ... physical or mental ability to do basic work activities," benefits are denied without further analysis.

> Step Three:  If plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the severe impairment meets or equals one of the impairments listed in the regulations, the claimant is conclusively presumed to be disabled regardless of age, education or work experience.

> Step Four:  If the claimant is able to perform his or her past relevant work, benefits are denied without further analysis.

13

> Step Five: Even if the claimant is unable to perform his or her past relevant work, if other work exists in the national economy that plaintiff can perform, in view of his or her age, education, and work experience, benefits are denied.

*Carpenter v. Comm'r of Soc. Sec.*, 2008 WL 4793424 (E.D. Mich. 2008), citing, 20 C.F.R. §§ 404.1520, 416.920; *Heston*, 245 F.3d at 534. "If the Commissioner makes a dispositive finding at any point in the five-step process, the review terminates." *Colvin*, 475 F.3d at 730.

"Through step four, the claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work." *Jones*, 336 F.3d at 474, cited with approval in *Cruse*, 502 F.3d at 540. If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the Commissioner. *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006). At the fifth step, the Commissioner is required to show that "other jobs in significant numbers exist in the national economy that [claimant] could perform given [his] RFC and considering relevant vocational factors." *Rogers*, 486 F.3d at 241; 20 C.F.R. §§ 416.920(a)(4)(v) and (g).

If the Commissioner's decision is supported by substantial evidence, the decision must be affirmed even if the court would have decided the matter

14

differently and even where substantial evidence supports the opposite conclusion. *McClanahan*, 474 F.3d at 833; *Mullen*, 800 F.2d at 545.  In other words, where substantial evidence supports the ALJ's decision, it must be upheld.

      C.    <u>Analysis and Conclusions</u>

      1.    Credibility

Plaintiff argues that the ALJ erred in concluding that his testimony as to the intensity and persistence of his symptoms associated with his impairments was not entirely credible.  As the relevant Social Security regulations make clear; however, a claimant's "statements about his pain or other symptoms will not alone establish that [he is] disabled."  20 C.F.R. §§ 404.1529(a), 416.929.  Instead, the Sixth Circuit has repeatedly held that "subjective complaints may support a finding of disability only where objective medical evidence confirms the severity of the alleged symptoms."  *See Workman v. Comm'r of Soc. Sec.*, 105 Fed. Appx. 794, 801 (6th Cir. 2004); *see also Moon v. Sullivan*, 923 F.2d 1175, 1182-83 (6th Cir. 1990) ("[T]hough Moon alleges fully disabling and debilitating symptomology, the ALJ, may distrust a claimant's allegations . . . if the subjective allegations, the ALJ's personal observations, and the objective medical evidence contradict each other.").

"It [i]s for the [Commissioner] and his examiner, as the fact finders, to pass

15

upon the credibility of the witnesses and weigh and evaluate their testimony."

*Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 536 (6th Cir. 2001) (quoting *Myers v. Richardson*, 471 F.2d 1265, 1267 (6th Cir. 1972)).  As the Sixth Circuit has held, determinations of credibility related to subjective complaints of pain rest with the ALJ because "the ALJ's opportunity to observe the demeanor of the claimant 'is invaluable, and should not be discarded lightly.'" *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 538 (6th Cir. 1981) (citation omitted).  Thus, an ALJ's credibility determination will not be disturbed "absent compelling reason." *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001).  The ALJ is not required to accept the testimony of a claimant if it conflicts with medical reports, the claimant's prior statements, the claimant's daily activities, and other evidence in the record.  *See Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997).  Rather, when a complaint of pain or other symptoms is in issue, after the ALJ finds a medical condition that could reasonably be expected to produce the claimant's alleged symptoms, he must consider "the entire case record, including the objective medical evidence, statements and other information provided by treating or examining physicians . . . and any other relevant evidence in the case record" to determine if the claimant's claims regarding the level of his pain are credible.  SSR 96-7p, 1996 WL 374186, at *1 (July 2, 1996); *see also* 20 C.F.R.

16

§ 404.1529.  Consistency between the plaintiff's subjective complaints and the record evidence 'tends to support the credibility of the [plaintiff], while inconsistency, although not necessarily defeating, should have the opposite effect." *Kalmbach v. Comm'r of Soc. Sec.*, 409 Fed. Appx. 852, 863 (6th Cir. 2011).

Here, the undersigned agrees with the Commissioner that the ALJ's conclusions regarding plaintiff's credibility are supported by substantial evidence. As permitted by the regulations, the ALJ considered plaintiff's activities of daily living in assessing the credibility of his subjective complaints.  The ALJ considered his significant activities of preparing meals, cleaning, doing laundry, doing some yard work, and shopping for groceries.  (Dkt. 11-2, Pg ID 57).  An ALJ may reasonably view such daily activities as inconsistent with subjective complaints of disabling limitations.  20 C.F.R. § 404.1529(c)(3)(I); *see also Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 392 (6th Cir. 2004) (recognizing that in nearly all cases, an evaluation of a claimant's daily activities is relevant to the evaluation of subjective complaints and ultimately, to the determination of disability); *Heston*, 245 F.3d at 536 (an ALJ may consider claimant's testimony of limitations in light of other evidence of claimant's ability to perform tasks such as walking, going to church, going on vacation, cooking, vacuuming and making

17

beds).  Thus, it was appropriate for the ALJ to consider plaintiff's activities of daily living as one factor in assessing his credibility. The ALJ also appropriately considered statements from examining neuropsychologist, Dr. Schutte, suggesting that  plaintiff exaggerated his symptoms. *See Lane v. Comm'r of Soc. Sec.*, 100 Fed. App'x 90, 96 (3d Cir. 2004).

Plaintiff argues that the ALJ inappropriately considered plaintiff's 2012 outburst at a gas station and his erratic mental health treatment and compliance in assessing his credibility. Nevertheless, even if the plaintiff's non-compliance with his mental health treatment and the April 2012 episode at the gas station were inappropriately considered by the ALJ in his credibility determination, because other substantial evidence supported the ALJ's credibility finding, any error is harmless and does not require remand. See *Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 714 (6th Cir. 2012)(harmless error analysis applies to credibility determinations).

### 2.    Medical Opinion

An ALJ is required to evaluate every medical opinion of record, and set forth a valid basis for rejecting any.  20 C.F.R. §404.1527; *see Shelman v. Heckler*, 821 F.2d 316, 321 (6th Cir. 1987).  The Commissioner is to weigh these opinions based on the examining relationship (or lack thereof), specialization, consistency,

and supportability. 20 C.F.R. § 404.1527(c); *see Gayheart v. Comm'r of Soc. Sec.,*
710 F.3d 365, 376 (6th Cir. 2013). Other factors "which tend to support or
contradict the opinion" may be considered in assessing any type of medical
opinion. *Id.* § 404.1527(c)(6). The Commissioner may not disregard opinions of a
consulting physician which are favorable to a claimant.  *See Lashley v. Sec'y*, 708
F. 2d 1048, 1054 (6th Cir. 1983). "In weighing medical evidence, 'ALJs must not
succumb to the temptation to play doctor and make their own independent medical
findings.'" *Allen,* 2013 WL 5676254, at *15(citing *Simpson v. Comm'r of Soc.
Sec.*, 344 F. App'x 181, 194 (6th Cir. 2009) (citations omitted)). This is so even
though the final responsibility for the RFC determination is an issue reserved to
the Commissioner. *Id.*

     Here, the ALJ noted that Dr. Lachover's opinion was considered, but given
"limited weight" because it was "inconsistent with plaintiff's lack of consistent
and compliant mental health treatment". (Dkt. 11-2, Pg ID 56; Dkt. 11-7, Pg ID
480-482). Nevertheless, plaintiffs suffering from mental impairments should not
be penalized for failure to seek psychiatric treatment.  *See Kangail v. Barnhart*,
454 F.3d 627, 631 (7th Cir. 2006)(bipolar disorder may prevent the sufferer from
taking her prescribed medications or otherwise submitting to treatment); *see also,
Blankenship v. Bowen*, 874 F.2d 1116, 1129 (6th Cir. 1989)("Appellant may have

failed to seek psychiatric treatment for his mental condition, but it is a
questionable practice to chastise one with a mental impairment for the exercise of
poor judgment in seeking rehabilitation."). Accordingly, the undersigned does not
believe that plaintiff's erratic mental health treatment is a valid reason to discount
or discredit Dr. Lachover's opinion.

The ALJ also discounted Dr. Lachover's opinion because he found it to be
inconsistent with Dr. Lachover's own notes that plaintiff had logical and goal
directed speech. (Dkt. 11-2, Pg ID 56; Dkt. 11-7, Pg ID 481). In reaching this
conclusion, however, the ALJ overlooks many of Dr. Lachover's other notes
indicating that the plaintiff had low self-esteem, was tense and anxious during the
interview, demonstrated constricted affect within the depressed range and
decreased tone and modulation to his vocal inflections. Dr. Lachover also noted
that plaintiff's affect was consistent with the depressed cognitive thoughts plaintiff
expressed. (Dkt. 11-7, Pg ID 481). It is generally recognized that an ALJ "may not
cherry-pick facts to support a finding of non-disability while ignoring evidence
that points to a disability finding." *Smith v. Comm'r of Soc. Sec.*, 2013 WL
943874, at *6 (N.D. Ohio 2013), citing *Goble v. Astrue*, 385 Fed. Appx. 588, 593
(7th Cir. 2010) (citation omitted). Moreover, such disregard for opinions favorable
to plaintiff is not permitted and is not a valid basis to reject the consulting

20

examiner's opinion. *See Lashley*, 708 F. 2d at 1054.

Finally, the ALJ discounted Dr. Lachover's opinion because it appeared to rely almost exclusively on plaintiff's subjective complaints. Nevertheless, a review of Dr. Lachover's report indicates that he based his findings on plaintiff's "disclosed and *observed* conditions and impairments." (Dkt. 11-7, Pg ID 482)(emphasis added).

In the area of mental impairments, clinical interviews have long been accepted as a legitimate diagnostic technique, and subjective complaints elicited during such interviews may be relied upon by doctors in formulating their opinions and functional restrictions. *Warford v. Astrue*, 2010 WL 3190756, at *6 (E.D. Ky. Aug. 11, 2010)(citing *Blankenship v. Bowen*, 874 F.2d 1116, 1121 (6th Cir. 1989)).

> A psychiatric impairment is not as readily amenable to substantiation by objective laboratory testing as a medical impairment...consequently, the diagnostic techniques employed in the field of psychiatry may be somewhat less tangible than those in the field of medicine...In general, mental disorders cannot be ascertained and verified as are most physical illnesses, for the mind cannot be probed by mechanical devices [sic] in order to obtain objective clinical manifestations of medical illness...When mental illness is the basis of a disability claim, clinical and laboratory data may consist of the diagnosis and observations of professionals trained in the field of psychopathology.  The report of a psychiatrist should not be rejected simply because of the relative imprecision of the psychiatric methodology or the absence of substantial documentation, unless

there are other reasons to question the diagnostic technique.

*Id* at *5-6(quoting *Blankenship*, 874 F.2d at 1121).

In finding plaintiff susceptible to relapse and decompensation from the pressure of employment due to his severe symptomatology,   Dr. Lachover appropriately relied upon acceptable psychiatric diagnostic techniques and thus his opinions were improperly rejected by the ALJ.  *See id*; *see also*, *Mullins v. Colvin*, 2014 WL 1382552, at *8 (S.D. Ohio, April 8, 2014)(ALJ erred by downgrading doctor's clinical observations of Plaintiff's psychological signs and symptoms to valueless "subjective impressions").

Additionally, Dr. Lachover's findings were consistent with those of Plaintiff's treating psychiatrist, Barbara Day, M.D. In April 2012, Dr. Day noted that plaintiff's mood and affect was anxious, he was hyperverbal and profane, his behavior was noted to be agitated and he exhibited impulsivity.  (Dkt. 11-8, Pg ID 668.)  In 2010, Veterans Administration Staff Psychiatrist Thomas McCullough, M.D. also noted plaintiff's anxious mood and affect and PTSD symptoms, diagnosing anxiety disorder, with possible PTSD and Panic Disorder. (Dkt. 11-7, Pg ID 358).  The clinical findings and assessments of Drs. Day and McCullough

are all consistent with the opinions of Dr. Lachover.[1]

For all of the above reasons, the undersigned finds that the ALJ's decision to reject the consulting examiner's opinion was not supported by substantial evidence, and the case should be remanded under sentence four of 42 U.S.C. § 405(g) to give the ALJ an opportunity to conduct the proper evaluation of all of the medical opinion evidence. Because this matter is being remanded for further proceedings, and in the interests of judicial economy, the undersigned will not consider Plaintiff's remaining assignments of error.

## IV.   RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that plaintiff's motion for summary judgment be **GRANTED**, that defendant's motion for summary judgment be **DENIED**, that the findings of the Commissioner be **REVERSED**, and that this matter be **REMANDED** for further proceedings.

The parties to this action may object to and seek review of this Report and

---

[1]Although Drs. Day and McCullough assigned plaintiff a GAF score in the 50s, compared to Dr. Lachover's score of 30, the Commissioner "has declined to endorse the [GAF] score for 'use in the Social Security and SSI disability programs,' and has indicated that [GAF] scores have no 'direct correlation to the severity requirements of the mental disorders listings.'" *Kennedy v. Astrue*, 247 Fed. App'x 761, 766 (6th Cir. 2007) (citations omitted).  Accordingly, any decision to disregard the GAF score is of little consequence and would not undermine a decision supported by substantial evidence. *See Oliver v. Comm'r of Soc. Sec.*, 2011 WL 924688, at *4 (6th Cir. Mar. 17, 2011) (upholding ALJ's decision not to rely on GAF score of 48 because it was inconsistent with other substantial evidence in the record and noting that "GAF score is not particularly helpful by itself").

Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

    Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: August 17, 2015                    s/Michael Hluchaniuk
                                         Michael Hluchaniuk
                                         United States Magistrate Judge

## **CERTIFICATE OF SERVICE**

     I certify that on August 17, 2015, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to all counsel of record.

                                         s/Tammy Hallwood
                                         Case Manager
                                         (810) 341-7887
                                         tammy_hallwood@mied.uscourts.gov